**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL FOURTE, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 16-9555 (ES) (JAD) |
| BARILLA APPRAISAL SERVICES, UNITED STATES OF AMERICA, and VA OFFICIALS 1-6, | : MEMORANDUM |
| Defendants. | : |

**SALAS, DISTRICT JUDGE**

The Court writes primarily for the parties and assumes their familiarity with the factual allegations, procedural history, and arguments made in support of and in opposition to the motion at issue in this Memorandum. Briefly, however, this case arises out of an alleged under appraisal of a home. *Pro se* Plaintiff Michael Fourte ("Fourte")—who is an attorney—alleges he applied for a mortgage loan that would be guaranteed by the U.S. Department of Veterans Affairs (the "VA"). After applying for a VA Loan from a VA-approved lender, the lender appointed Defendant Barilla Appraisal Services ("BAS") to appraise his home. But Fourte alleges BAS under appraised his home. Because of this, Fourte pursued an FHA loan instead. The FHA appraisal was significantly higher. Having unsuccessfully challenged the VA loan-related appraisal through administrative avenues, Fourte sued BAS and the United States.[1]

---

[1] These allegations are taken from Fourte's Complaint. (*See generally* D.E. No. 1). For additional background, the interested reader is referred to the parties' publicly filed submissions available on the Court's docket.

He asserts three claims: (1) a cause of action against the United States under the Federal Tort Claims Act (the "FTCA") because the VA "knew, or should have known," that BAS's appraisal "was a gross misrepresentation of the value of plaintiff's home" (*see* D.E. No. 1 ¶¶ 24-34); (2) a cause of action against the United States and VA officials under *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971) for deprivation of his "constitutional and Veteran's rights without due process of law or just compensation" (*see id.* ¶¶ 35-40); and (3) a cause of action against BAS "for professional misconduct" under New Jersey law (*see id.* ¶¶ 41-44).

At issue in this Memorandum is the United States's motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (*See* D.E. No. 15).[2] In particular, the United States argues the Court lacks subject-matter jurisdiction over Fourte's FTCA claim. (*See, e.g.*, D.E. No. 15-1 at 1-2). As for his *Bivens* claim, the United States argues that "there is no waiver of sovereign immunity to seek damages from the United States government, a federal agency, or federal employees acting in their official capacity for violation of a person's constitutional rights." (*Id.* at 27).

Having considered the submissions made in support of and in opposition to the United States's motion, the Court decides this matter without oral argument. *See* Fed. R. Civ. P. 78(b). For the reasons below, the Court GRANTS the United States's motion in relevant part and dismisses Fourte's FTCA claim and *Bivens* claim for lack of subject-matter jurisdiction.

---

[2] BAS moved separately to dismiss Fourte's Complaint under Rule 12(b)(6). (*See* D.E. No. 7). Given the Court's ruling in this Memorandum, however, the Court must first determine whether there is subject matter jurisdiction over Fourte's claim against BAS and accordingly requires submissions from Fourte and BAS consistent with the accompanying Order. *See Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76-77 (3d Cir. 2003) ("[B]ecause subject matter jurisdiction is non-waivable, courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt. A necessary corollary is that the court can raise *sua sponte* subject-matter jurisdiction concerns.") (internal citation omitted); *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977) ("[T]he federal courts are without power to adjudicate the substantive claims in a lawsuit, absent a firm bedrock of jurisdiction. When the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits.").

## I. Fourte's FTCA Claim

### A. Law

"The United States, as a sovereign, is immune from suit unless it consents to be sued." *S.R.P. ex rel. Abunabba v. United States*, 676 F.3d 329, 332 (3d Cir. 2012) (internal quotation marks and citations omitted). "The FTCA operates as a limited waiver of the United States's sovereign immunity." *White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 456 (3d Cir. 2010) (citation omitted). "If the United States is sued in tort, . . . the FTCA provides the exclusive avenue to relief, if any can be had." *Vanderklok v. United States*, 868 F.3d 189, 201 (3d Cir. 2017) (citation omitted).[3]

But there is an "extensive list of exceptions which limits the waiver of sovereign immunity, and accordingly, limits a court's subject matter jurisdiction under the FTCA." *Brunwasser v. United States*, No. 07-0385, 2008 WL 728546, at *5 (W.D. Pa. Mar. 17, 2008) (citing 28 U.S.C. § 2680). In particular, the exceptions "include a disclaimer of liability for the United States for '[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, *misrepresentation*, deceit, or interference with contract rights.'" *Vanderklok*, 868 F.3d at 202 (quoting 28 U.S.C. § 2680(h)) (emphasis added). This is generally "known as the intentional tort exception." *Id.* (internal quotation marks and citation omitted). If a claim "fall[s] within that exception to the waiver of immunity," then a plaintiff "is out of luck under the FTCA." *Id.*; *see also McCluskey v. United States*, No. 10-0694, 2010 WL 4024717, at *8 (W.D. Pa. Oct. 12, 2010) ("If a plaintiff's claim falls within one of these 'exceptions,' the United States retains its immunity from suit with respect to this

---

[3] *See also CNA v. United States*, 535 F.3d 132, 140 (3d Cir. 2008) ("We start by observing that the District Court's jurisdiction—if it exists—would *not* come from the general grant of federal-question jurisdiction of 28 U.S.C. § 1331. Instead, the FTCA itself is the source of federal courts' jurisdiction to hear tort claims made against the Government . . . .") (emphasis in original) (citing 28 U.S.C. § 1346(b)(1)).

claim and a court is again without subject matter jurisdiction.") (citation omitted). As here, the United States can move to dismiss an FTCA claim based on the intentional-tort exception under Federal Rule of Civil Procedure 12(b)(1). *See, e.g.*, *Logan v. United States*, No. 11-7235, 2012 WL 2979041, at *1-3 (D.N.J. July 20, 2012); *McCluskey*, 2010 WL 4024717, at *8-9.

"A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). A factual challenge "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or otherwise presenting competing facts." *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (internal quotation marks, alterations, and citation omitted). Such a challenge "allows a court to weigh and consider evidence outside the pleadings." *Id.* (internal quotation marks, alterations, and citation omitted). "When a factual challenge is made, the plaintiff will have the burden of proof that jurisdiction does in fact exist, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* (internal quotation marks and citation omitted). And no presumptive truthfulness attaches to the plaintiff's allegations. *Id.* (citation omitted).

**B. Analysis**

For his FTCA claim, Fourte alleges that "the appraisal was a gross *misrepresentation* of the value of [his] home." (D.E. No. 1 ¶ 25 (emphasis added)). He claims that the "VA failed to follow regulations, and in so doing the VA abused its discretion by ratifying BAS's negligently *misrepresented* value of [his] home." (*Id.* ¶ 32 (emphasis added)). Fourte alleges that the "VA had the ability to correct the deficient appraisal, but the VA did not correct the deficiency." (*Id.* ¶ 13). Indeed, in his opposition brief, Fourte states that his "complaint . . . demonstrates the VA abused its discretion and through ratifying co-defendant BAS's appraisal report, *materially*

*participated in the misrepresentation* of the home's value." (D.E. No. 19 at 5 (emphasis added)). He avers that it was foreseeable that a homeowner like himself would rely on the appraisal. (*Id.* at 6).

And because the United States mounts a factual challenge (*see* D.E. No. 20 at 2)[4], the Court considers the following from Fourte's September 30, 2015 letter to the Department of Veterans Affairs (which is part of the administrative record):

> Please take notice that pursuant to The Federal Tort Claims Procedure . . . , I am hereby presenting you, the United States Department of Veteran's Affairs (DVA) with a claim for its failure to comply with . . . the Department of Veteran's Affairs Home Loan Guaranty program. Specifically, the DVA is charged with the negligent misrepresentation of the value of my home . . . .

(D.E. No. 15-4, Ex. 3E). Fourte alleges that, "[a]s a result of having his home undervalued by $340,000, [he] was denied the full use of his veteran benefit and suffered pecuniary harm." (D.E. No. 1 ¶ 17).

The Court finds that Fourte's FTCA claim thus falls within the misrepresentation exception in 28 U.S.C. § 2680(h). *See United States v. Neustadt*, 366 U.S. 696, 702 (1961) (stating that § "2680(h) comprehends claims arising out of negligent, as well as willful, misrepresentation"); *Beneficial Consumer Discount Co. v. Poltonowicz*, 47 F.3d 91, 96 (3d Cir. 1995) ("The essence of an action for misrepresentation or deceit, for the purposes of § 2680(h), is a communication of misinformation upon which the recipient relies.").

To be sure, the Court finds unavailing Fourte's arguments to the contrary. Specifically, he argues that it is a "mischaracterization of the complaint" to say that "the VA was being sued

---

[4] *See also Talley v. United States*, No. 11-1180, 2013 WL 1314414, at *2 (D.N.J. Mar. 28, 2013) ("Although courts generally treat a pre-answer motion under Rule 12(b)(1) as a facial challenge, a factual challenge under Rule 12(b)(1) may be made prior to service of an answer if the defendant contests the plaintiff's allegations.") (internal quotation marks and citations omitted); *Knauss v. U.S. Dep't of Justice*, No. 10-2636, 2010 WL 3986183, at *2 (E.D. Pa. Oct. 8, 2010) ("A factual challenge under Rule 12(b)(1) may be made prior to service of an answer.") (citing *Berardi v. Swanson Mem'l Lodge No. 48 of Fraternal Order of Police*, 920 F.2d 198, 200 (3d Cir. 1990)).

for negligent misrepresentation." (D.E. No. 19 at 6). Fourte asserts that the "VA is being sued because it ratified and approved the acts of a negligent appraiser thereby allowing the appraiser to misrepresent the value of the plaintiff's home." (*Id.* (citation omitted)). Fourte argues "the VA had a duty to [him] not to accept the negligently misrepresented value of the home" and "the VA's tort is not misrepresentation, but instead garden-variety negligence . . . and abuse of discretion." (*Id.* at 6-7 (internal citations omitted)).

But Fourte himself affirms in his opposition brief that "the VA abused its discretion and through ratifying co-defendant BAS's appraisal report, *materially participated in the misrepresentation* of the home's value." (D.E. No. 19 at 5 (emphasis added)). And he declares in his September 30, 2015 letter that the VA "is charged with the negligent misrepresentation of the value of my home." (D.E. No. 15-4, Ex. 3E). Moreover, Fourte alleges "no injury that he would have suffered independently of his reliance on the erroneous appraisal." *See Block v. Neal*, 460 U.S. 289, 296-97 (1983).[5]

Thus, it is apparent the substance of Fourte's claim against the United States arises out of an allegedly negligent misrepresentation. This is what controls—and this is why § 2680(h) bars his claim. *See Brunwasser*, 2008 WL 728546, at *5 ("While the Court recognizes that Plaintiff has never specifically alleged the tort of negligent misrepresentation, it is the substance of the claim and not the language used in stating it which controls whether the claim is barred by an FTCA exception.") (internal quotation marks, alterations, and citations omitted); *see also Salem v. Fed. Deposit Ins. Corp.*, No. 15-1114, 2016 WL 7229424, at *6 (S.D. Cal. Dec. 14, 2016) (finding that plaintiff's "negligence and gross negligence claim faults the United States in part for failing to adequately supervise the pleadings and representations made by" a third party "that

---

[5] *See also Carolinas Cotton Growers Ass'n, Inc. v. United States*, 785 F.2d 1195, 1199 (4th Cir. 1986) ("We view the *Neal* case essentially as complementing the *Neustadt* case, in that the *Neal* case held that there was a separate and distinct tort involved, apart from the tort of misrepresentation.").

were false representations of" certain bank documents—and this allegation "is nothing more than a claim of negligent misrepresentation" barred under *Neustadt*).

In sum, the Court finds that Fourte has failed to meet his burden of persuasion that subject-matter jurisdiction is proper. *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). Applying the above-mentioned exception strips the Court's jurisdiction over his FTCA claim. Having so found, the Court declines to reach all other arguments concerning this claim. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.") (internal quotation marks and citation omitted).

## II. Fourte's *Bivens* Claim

### A. Law

"A *Bivens* action, which is the federal equivalent of the § 1983 cause of action against state actors, will lie where the defendant has violated the plaintiff's rights under color of federal law." *Brown v. Philip Morris Inc.*, 250 F.3d 789, 800 (3d Cir. 2001) (citation omitted); *see also Banks v. Roberts*, 251 F. App'x 774, 775 n.1 (3d Cir. 2007) ("A '*Bivens* action' is a commonly used phrase for describing a judicially created remedy allowing individuals to seek damages for unconstitutional conduct by federal officials.").

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (citations omitted). "Sovereign immunity is jurisdictional in nature." *Id.* "*Bivens* does not waive the sovereign immunity of the federal government, and *Bivens*-type actions against federal entities are routinely dismissed for lack of subject matter jurisdiction." *Banks v. U.S. Marshals Serv.*, No. 15-0127, 2016 WL 1394354, at *5 (W.D. Pa. Feb. 16, 2016) (finding that "the *Bivens* claims against the United States, the

United States Marshals Service and the Bureau of Indian Affairs are barred by sovereign immunity and therefore, this Court lacks subject matter jurisdiction over the *Bivens* claims") (internal citations omitted), *report and recommendation adopted by*, 2016 WL 1223345 (W.D. Pa. Mar. 24, 2016). And "sovereign immunity advances a jurisdictional bar which a party may raise at any time, even on appeal, and which the court may raise sua sponte." *United States v. Bein*, 214 F.3d 408, 412 (3d Cir. 2000) (citations omitted).

### B. Analysis

Fourte's claim against the United States is not actionable without an explicit waiver of sovereign immunity. *See Lewal v. Ali*, 289 F. App'x 515, 516 (3d Cir. 2008) ("*Bivens* claims against the United States are barred by sovereign immunity, absent an explicit waiver.") (citations omitted); *Dambach v. United States*, 211 F. App'x 105, 107-08 (3d Cir. 2006) ("A *Bivens* action is not available against the United States or one of its agencies.") (citations omitted).[6]

Similarly, Fourte's *Bivens* claim against the six unnamed VA officials fails. Fourte alleges that these VA officials "were acting under the color of federal authority when they unjustly, arbitrarily, and/or capriciously deprived plaintiff his constitutional and Veteran's rights without due process of law or just compensation." (D.E. No. 1 ¶ 37). Fourte doesn't specify whether he is suing these officials in their official or individual capacities. To the extent he is suing them in their official capacities, "[i]t is well settled that actions brought against federal officers/agents in their official capacities are deemed to have been brought against the United

---

[6] *See also Hallett v. Ohio*, 711 F. App'x 949, 951 (11th Cir. 2017) ("The district court did not err in dismissing [the plaintiff's] complaint for lack of subject matter jurisdiction. Although [the plaintiff] alleged that jurisdiction was proper under *Bivens*, he failed to name any federal official as a defendant."); *Bhatia v. U.S. Dep't of Homeland Sec.*, 605 F. App'x 450, 451 (5th Cir. 2015) ("We must raise the issue of subject matter jurisdiction sua sponte. [The plaintiff] named several federal agencies as defendants. The district court lacked subject matter jurisdiction over [the plaintiff's] claims that these agencies violated his constitutional rights because *Bivens* . . . does not provide a cause of action against a federal agency.") (citations omitted).

States, and therefore, are barred by the doctrine of sovereign immunity, unless the United States has waived such immunity." *Banks*, 2016 WL 1394354, at *6 (citing *FDIC*, 510 U.S. at 478). And Fourte identifies no basis for the Court to find that such immunity is waived for his claim. So his claim against unnamed VA officials must be dismissed to the extent he is bringing an official-capacity claim.[7] In an abundance of caution, however, the Court will not outright dismiss Fourte's *Bivens* claim against unnamed VA officials with prejudice in case he is seeking to sue them in their individual capacities.

Having so found, the Court declines to reach all other arguments at this time. *See Steel Co.*, 523 U.S. at 94.

### III. Amendment & Futility

"It does not matter whether or not a plaintiff seeks leave to amend"; generally, "a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008). "An amendment is futile if the amended complaint cannot withstand a renewed motion to dismiss." *Beeman v. United States*, No. 11-0228, 2013 WL 1314467, at *3 (W.D. Pa. Mar. 28, 2013) (citation omitted).

Based on the Court's analysis above, no amendment would permit Fourte to sue the United States under the FTCA given the substance of his claim. And, absent an explicit waiver, the United States cannot be sued for a *Bivens* claim as discussed above. The Court therefore

---

[7] Arguably the United States doesn't move to dismiss Fourte's *Bivens* claim under Rule 12(b)(1). (*See* D.E. No. 20 at 7-9). This is of no moment, however, because sovereign immunity is a jurisdictional bar that the court may raise sua sponte. *See Bein*, 214 F.3d at 412; *see also Womack v. Smith*, No. 06-2348, 2009 WL 5214966, at *3 (M.D. Pa. Dec. 29, 2009) ("Neither the newly added defendants nor the original defendants has raised the issue of sovereign immunity in this action. The plaintiff has claimed damages against all defendants, who are officers of the United States . . . . Inasmuch as the plaintiff seeks monetary damages against all defendants in their official capacities, said claims must be dismissed on grounds of sovereign immunity. This court is barred from hearing claims against government officials in their official capacity unless Congress has expressly waived immunity, which it has not.") (internal citations omitted).

dismisses these claims with prejudice.[8]  The same holds true to the extent Fourte is suing the unnamed officials in their official capacity.

That said, the Court will permit Fourte to amend his Complaint to the extent he seeks to sue the unnamed officials in their individual capacity.

**IV.    Conclusion**

"A federal court can only exercise that power granted to it by Article III of the Constitution and by the statutes enacted pursuant to Article III." *In re Orthopedic "Bone Screw" Prods. Liability Litig.*, 132 F.3d 152, 155 (3d Cir. 1997).  Here, as discussed above, the Court cannot exercise subject-matter jurisdiction over Fourte's claims against the United States, as well as any official-capacity *Bivens* claim against the unnamed officials.  The Court accordingly dismisses these claims with prejudice.  The Court will permit a curative amendment relating to Fourte's *Bivens* claim against the unnamed officials to the extent he seeks to sue them in their individual capacity.  An appropriate Order accompanies this Memorandum.

<u>s/Esther Salas</u><br>
**Esther Salas, U.S.D.J.**

---

[8] *See Banks*, 2016 WL 1223345, at *1 (dismissing *Bivens* claim with prejudice); *McDonald v. Thomas*, No. 13-1471, 2015 WL 5032379, at *5 (M.D. Pa. Aug. 25, 2015) (same); *Beeman*, 2013 WL 1314467, at *3 (dismissing FTCA claim with prejudice); *McCluskey*, 2010 WL 4024717, at *8-9 (same); *cf. Brobst v. United States*, 659 F. App'x 135, 137 (3d Cir. 2016) ("Here, the District Court was silent on amendment. While we have not spoken to this issue directly in the context of a Rule 12(b)(1) motion, the District Court's silence is of no moment because amendment would nonetheless have been futile, for two reasons. First, the only proper defendant in an FTCA action is the United States and so [the plaintiff] could not seek to take advantage of any of its provisions with individual defendants. Second, the Complaint contains no allegations that would support claims of a constitutional tort against new individual defendants.") (citation omitted).